# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI BRODEN, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-CV-01650 |
| v. | (JUDGE CAPUTO) |
| HENRY STANLEY and DORIS STEINEL, | |
| Defendants. | |

## MEMORANDUM

Presently before this Court is a Complaint filed by Plaintiff Toni Broden, which insufficiently alleges the diversity of the parties. (Doc. 1). Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action could be dismissed. But, this Court will provide Plaintiff with an opportunity to show that diversity jurisdiction is proper.

## I. Background

Plaintiff brings suit against Defendants Henry Stanley and Doris Steinel (collectively "Defendants") for allegedly causing her injury through the negligent operation of a car. While Plaintiff pleads some of the standard for jurisdiction under 28 U.S.C. §1332, the diversity jurisdiction statute, her complaint lacks a plain statement in support of jurisdiction. The Complaint does allege that Plaintiff *resides* in Pennsylvania, and Defendants *reside* in Massachusetts and New Hampshire. Plaintiff also alleges that the amount in controversy, exclusive of interest and cost exceeds $100,000. Notably, the Complaint contains no direct reference to 28 U.S.C. §1332.

## II. Discussion

Under 28 U.S.C. § 1332, the diversity jurisdiction statute, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the *citizenship* of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

A natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). This means that domicile is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1988). In other words, a person's residence "in a particular state is not, by itself, determinative of citizenship for the purpose of federal court jurisdiction." *Shaw v. Pottsville Hospital-Warne Clinic*, No. 88-4444, 1991 WL 117390, *5 (E.D. Pa. Jun. 24, 1991) (citing *Gilbert*, 235 U.S. 561, 569-70 (1914)). Rather, an individual will be considered a citizen of a state where he resides and intends to remain indefinitely. Further, a person may only have one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

"A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 177 F.3d 214, 217 (3d Cir. 1999) (citing *Employers Ins. of Wausau v. Crown Cork & Steel Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990)).

Here, Plaintiff has made a fatal error: assuming citizenship blindly follows residency. Simply put, such an assumption is incorrect. While Plaintiff does allege the residency of

each party, she fails to take the additional, required step of alleging citizenship. For this reason alone, the Complaint could be dismissed.

Plaintiff's failure to comply with the Federal Rules of Civil Procedure provide an alternate basis to dismiss the Complaint. Federal Rule of Civil Procedure 8(a)(1) requires a pleading contain a "short and plain statement of the grounds for the court's jurisdiction. . . ." Plaintiff provides no such statement. In fact, Plaintiff omitted a Statement of Jurisdiction from her Complaint and failed to even once refer to a statute establishing jurisdiction. When Rule 8(a)(1) is violated, dismissal is appropriate. *See Schultz v. Cally*, 528 F.2d 470, 473-74 (3d Cir. 1975) (noting that a failure to comply with Rule 8(a)(1) can lead to dismissal because "it is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim."); FED.R.CIV.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. Conclusion

Because Plaintiff has failed to properly plead a basis for subject matter jurisdiction in the Complaint, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be provided an opportunity to amend the Complaint to show that diversity jurisdiction exists. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to file an amended complaint will result in this action being dismissed.

An appropriate order follows.

| | |
|---|---|
| September 21, 2017<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

3